[No. 4249.]

## GEORGE W. LEET v. JOHN BLACK, F. FORMAN, R. STRIBLING AND E. H. COYLE.

Sale of State Lands.—No provision has been made in the act of March 28, 1868, entitled "An act to provide for the management and sale of the lands belonging to the State," for the sale of an undivided interest held by the State in a tract of land.

Appeal from the District Court, Sixth Judicial District, County of Sacramento.

R. Stribling purchased from this State the south half of sections two and three, township nine north, range four east, Mount Diablo base and meridian, and, on the 9th day of February, 1860, paid twenty per cent. of the purchase-money and received a certificate of purchase. Stribling, in October, 1860, assigned to A. Black the south half of section three, and in December, 1860, assigned to B. B. Redding and Frank Kosta the south half of section two. In September, 1866, the people of the State commenced an action against Stribling, Redding, and one E. H. Coyle, to annul the certificate of purchase issued to Stribling. Summons was served on Redding alone, and on the 23d of October, 1866, judgment was rendered against him by default. On the 25th day of January, 1869, the plaintiff made application to purchase said south half of sections two and three, and on the 29th day of said January, his application, survey, affidavit, etc., were filed in the office of the Surveyor-General of this State. On the 8th day of September, 1869, John Black purchased from Redding and Kosta their interest in the land, and the next day, on his motion, and with the consent of the district attorney, the court made an order vacating the judgment of annulment. On the 16th day of December, 1869, Black paid the State the full amount due on the Stribling certificate of purchase. On the 8th day of September, 1869, said Black also made application to purchase the land in the same manner that the plaintiff did. On the 14th day of June, 1870, Black assigned to E. H. Coyle the certificate of purchase and the

lands described in it. The Surveyor-General refused to
approve of the plaintiff's application, and certified the mat-
ter to the District Court for trial. The plaintiff filed his
complaint, and the court held that Coyle was entitled to a
patent for the land, and gave judgment accordingly. The
plaintiff appealed.

The court below held that the judgment rendered in 1866
was insufficient to annul the certificate of purchase to Strib-
ling, and that his assignee was entitled to a patent.

*George Cadwalader*, for the Appellant.

The question in the case is shown by the "bill of excep-
tions" to relate to the efficacy of the foreclosure proceedings
in the case of *The People* v. *R. Stribling, E. H. Coyle, and
B. B. Redding*.

The court below held these proceedings insufficient to
annul the certificate of purchase. They were sufficient,
however, to annul the estate of the defendant Redding, who
was at the time the owner of an undivided interest therein
equal to one hundred and sixty acres. (*Goodwin* v. *Ewer*,
16 Cal. 469.)

The decree of the court below should be modified so as
to declare the appellant entitled to purchase the interest
forfeited to the State by the foreclosure proceedings, to wit,
the Redding interest of one hundred and sixty acres.

*P. Dunlap*, for the Respondent.

The court below properly held that the judgment in the
case of *The People, etc.*, v. *R. Stribling, E. H. Coyle, and
B. B. Redding*, was insufficient to annul the certificate of
purchase issued to said Stribling, for the reason that only
one owner of an undivided moiety of said land was before
the court which tried Redding. How was it competent for
the court to annul said certificate in part, and leave the
other interest outstanding? Before the certificate of pur-
chase could have been annulled, all the parties in interest
should have been before the court, so that complete relief
could have been had if a proper case existed. And re-
spondents contend that said judgment was not sufficient to

annul any interest in the said certificate of purchase, because Redding only owned an undivided interest in a portion of the land, and in no distinct part thereof, and the judgment should be affirmed.

By the Court, CROCKETT, J.:

If it be admitted that the decree of November 13, 1866, was operative to annul the certificate of purchase issued to Stribling, in so far as it affected the undivided interest of Redding, leaving it in full force as to all others claiming under it, I do not see how this can benefit the plaintiff. In that event, the State would become a tenant in common with Kosta, who was not affected by the decree and would hold only an undivided interest in the half section previously held by Kosta and Redding. Assuming, for the purpose of this decision, that such was the effect of the decree, no provision has been made by law for the sale of an undivided interest of this character, held by the State; and the plaintiff's application to purchase must fail for this reason. But we express no opinion on the question whether the decree was operative to divest the undivided interest held by Redding.

Order and judgment affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.